IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

            Plaintiff,            ORDER

       v.            08-cr-149-bbc-3

MICAH W. RICHARDSON,

            Defendant.

---

A hearing on the probation office's petition for judicial review of Micah W. Richardson's supervised release was held on April 12, 2018, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel Erika Bierma. Also present was U.S. Probation Officer Jelani Brown.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 10, 2009, following his conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 156 months, to be followed by a three-year term of supervised release. On November 16, 2011, defendant's sentence was amended to 100 months' imprisonment. The term of supervised release was not amended. On December 17, 2014, defendant's sentence was amended a second time. An 84-month term of imprisonment was imposed. Again, the term of supervised release was not amended.

On November 1, 2015, defendant began his first term of supervised release. On May 4,

2016, he was arrested for intimidation of a witness, battery and disorderly conduct. While defendant was released on bail for the offenses, he was arrested and charged with battery against the same victim. A search of defendant's vehicle at the time of his second arrest revealed large amounts of cocaine and heroin. On July 20, 2016, defendant's supervised release was revoked and he was sentenced to a twelve-month term of imprisonment, to be followed by a two-year term of supervised release. On July 22, 2017, defendant's second term of supervised release commenced.

Defendant violated Standard Condition No. 1, which prohibits him from leaving the judicial district without the permission of the court or probation office. He also violated Standard Condition No. 3 of his supervised release conditions, which requires him to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. On November 3, 2017, defendant was instructed not to return to Chicago, Illinois. He was directed to establish a residence in the Western District of Wisconsin. He failed to do as instructed. On November 28, 2018, defendant admitted he was cited for speeding in Illinois during the previous week.

Defendant violated Standard Condition No. 4 of his supervised release requiring him to abstain from the use of alcohol and illegal drugs and from associating with drug users and sellers. Defendant tested positive for cocaine on October 16, 2017, and on February 9, 2018. He tested positive for marijuana on November 28, 2017. With the exception of the marijuana test on November 28, 2017, defendant denied drug use. It is essential for defendant to understand that revocation is mandatory under 18 U.S.C. § 3583(g)(4) if he submits more than three positive tests for controlled substances in one calendar year.

CONCLUSIONS

Defendant's criminal history score falls within Criminal History Category IV. With a Grade C violation, he is facing an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, because his original conviction was a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervised release is revoked.

Although it would be reasonable to find that defendant's violations warrant revocation, I am willing to grant him another opportunity to comply with his supervised release conditions by imposing an alternative to revocation. Accordingly, defendant's supervised release conditions will be modified to include a 45-day placement in a home detention program, which will include the use of location monitoring technology.

ORDER

IT IS ORDERED that defendant's term of supervised release be CONTINUED as entered on July 22, 2016, with the addition of the following special condition:

| SPECIAL CONDITION OF SUPERVISION | JUSTIFICATION |
|---|---|
| 16. Participate for a period of 45 days in a location monitoring program that may include the following technologies: radio frequency (RF) monitoring, passive global positioning system (GPS) monitoring, active GPS monitoring, or voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. probation officer. Defendant shall be responsible for the cost of location monitoring. During this period, defendant shall remain at his residence every day | Based on defendant's noncompliance, including his unwillingness to remain in the Western District of Wisconsin while on supervised release and the need to protect the community until he has had an opportunity to participate fully in treatment. |

| |  |
|---|---|
| from 8:30 p.m. to 6:30 a.m. Exceptions for employment and education purposes; religious services; medical, mental health, and substance abuse treatment; attorney visits; court appearances; and other activities are to be pre-approved by the supervising U.S. probation officer. Defendant is not to leave the Western District of Wisconsin during his participation in the location monitoring program without prior permission of the court. |  |

Defendant is to comply with the mandatory conditions of supervised release, along with the standard and special conditions of supervised release imposed on July 22, 2016, which were reasonably related to the offense of conviction, his history and personal characteristics and his demonstrated noncompliance with prior supervision conditions.

Entered this 12th day of April, 2018,

BY THE COURT:

/s/

Barbara B. Crabb
District Judge